## Ex Parte Earl Epperson.

### No. 1043. Decided February 15, 1911.

**City Charter and Ordinance—Automobile—Chauffeur.**

Where upon habeas corpus it appeared that the city, which passed an ordinance making it unlawful for any person under the age of 16 years to operate an automobile, was incorporated under the general law. Held, Article 430, Revised Civil Statutes, did not give said city authority of prohibition but only of regulation; the ordinance was therefore void.

From Red River County.

Original application for writ of habeas corpus asking release from arrest for unlawfully operating an automobile.

The opinion states the case.

*Kennedy & Robbins,* for relator.—Upon question of invalidity of ordinance: Mantel v. State, 55 Texas Crim. Rep., 456, 117 S. W. Rep., 855; Goar v. City of Rosenberg, 115 S. W. Rep., 653; City of Paris v. Sturgeon, 110 S. W. Rep., 459; Ex parte Battis, 40 Texas Crim. Rep., 112, 28 Cyc., 910.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is an original application for writ of habeas corpus. The city of Clarksville, organized under the general incorporation laws of Texas, as a municipal corporation, passed the following ordinance: "It shall be unlawful for any person under the age of 16 years to operate any automobile or other motor vehicle upon the streets or ways of the city of Clarksville," and in a subsequent ordinance prescribes a penalty of not less than five nor more than one hundred dollars.

There is an agreement in the statement of facts that the city of Clarksville had not by any ordinance prescribed any manner or means by which a person's ability to operate an automobile or other motor vehicle may be ascertained, and the qualifications of the driver of such vehicle are not specified nor prescribed by the ordinance. It is further agreed that the applicant is fifteen years of age.

Two questions are presented to this court: "First, the age of the applicant; second, the constitutionality of the ordinance under which the applicant was arrested." Relator's contention is that the ordinance is invalid, first, because the city council of the city of Clarksville had no authority, express or implied, under the general laws of the State, under which the city is incorporated, to enact such legislation; second, that even though the city council had authority to enact such legislation, it is nevertheless void, because it is an arbitrary exercise of power, is discriminatory and in derogation of common rights; third, the ordinance is void, because it prohibits an occupation recog-

nized by the State as lawful and conceded by the public as useful and remunerative; and fourth, the ordinance is unconstitutional and void, because it deprives persons of their liberty; that is, the right to follow a lawful avocation for the support of life as well as in pursuit of happiness and pleasure, without due process of law.

The city of Clarksville, being organized as a municipal corporation under the general laws of the State, must look to such law for its authority to act. Article 430 of the Revised Civil Statutes is as follows: "To license, tax, and regulate hackmen, draymen, omnibus drivers and drivers of baggage wagons, porters, and all others pursuing like occupations, with or without vehicles, and prescribe their compensation, and provide for their protection, and make it a misdemeanor for any person to attempt to defraud them of any legal charge for services rendered, and to regulate, license and restrain runners for railroads, stages and public houses."

It will be noticed from the reading of this article that the city is limited in regard to the matters specified to those of regulation. The statute nowhere grants power to a city council to prohibit any of the matters specified in said article. It is a familiar rule, and thoroughly settled, that municipal corporations have only such power as may be granted by the Legislature, unless otherwise provided in the Constitution, and wherever the question of grant of power is at issue the grant will be taken more strongly in favor of the granting power and against the grantee, where an application of this principle is made to municipal corporations. Applying this rule to the statute quoted, it will be observed that the power of the municipal corporation, in regard to the control of matters therein stated, is only one of regulation, and not one of prohibition. Viewed from this standpoint of the law, the ordinance is invalid and must be held void, and the applicant discharged from custody.

The applicant is ordered discharged from custody.

*Relator discharged.*