ÆTNA LIFE INS. CO. v. TYLER BOX & LUMBER MFG. CO. †

(Court of Civil Appeals of Texas. Texarkana. May 23, 1912. Rehearing Denied June 29, 1912.)

1. INSURANCE (§ 437*)—EMPLOYER'S INDEMNITY POLICY—LIABILITY.

Where a factory employé 13 years old was injured while at work at 7:30 p. m., in violation of Acts 28th Leg. c. 28, providing that no child between the ages of 12 and 14 should be permitted to work outside the hours of 6 a. m. and 6 p. m., his employer could not recover on an indemnity policy, providing that the company should not be liable for injuries to persons employed in violation of law as to age.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 437.*]

2. INSURANCE (§ 397*)—EMPLOYER'S INDEMNITY POLICY—ESTOPPEL.

Where the act of the adjuster for an employer's indemnity company in attempting to settle an employé's claim for injuries did not mislead the insured employer or deprive it of any right which it had in the matter, the indemnity company was not estopped by such act from denying liability under the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1078–1082; Dec. Dig. § 397.*]

Appeal from District Court, Smith County; R. W. Simpson, Judge.

Action by the Tyler Box & Lumber Manufacturing Company against the Ætna Life Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Lawther & Worsham, of Dallas, for appellant. Lasseter & McIlwaine, of Tyler, for appellee.

WILLSON, C. J. In its business of manufacturing boxes, baskets, etc., carried on in the city of Tyler, appellee employed a number of persons. To indemnify itself against loss and expense resulting from claims which might be made against it on account of death or bodily injuries accidentally suffered by its employés while engaged in its service, appellee procured of appellant the insurance policy it (appellee) sued on. About 7:30 o'clock p. m. of July 15, 1910, Lester Bell, a boy 13 years of age, while working for appellee about a machine in its factory, had the thumbs of both his hands accidentally cut off. His mother, a widow, in her own behalf and as his next friend, on August 24, 1910, commenced a suit against appellee for damages. The suit was compromised; appellee agreeing to pay in settlement of the plaintiff's claim $750 and accrued court costs amounting to $5.55. A judgment in accordance with this agreement was rendered September 20, 1910. Afterwards appellee brought this suit, seeking to recover of appellant the $755.55 adjudged against it in favor of Mrs. Bell and her son, and $250 paid by it to its attorney for his services in that case. This appeal is from a judgment in its favor against appellant for the sum of $1,005.55.

[1] We are of the opinion that the trial court should have peremptorily instructed the jury to find in favor of appellant, and therefore sustain the eleventh assignment of error.

By the express terms of the policy sued on, claims arising against appellee by reason of injuries to persons employed by it "in violation of law as to age, or of any age under 14 years, where there is no legal restriction as to age of employment," were not covered by it. Lester Bell was only 13 years of age. He was injured while working for appellee at about 7:30 p. m. The act March 6, 1903 (General Laws, p. 40), provided: "Any person, or any agent or employé of any person, firm or corporation, who shall hereafter employ any child between the ages of 12 and 14 years (who cannot read and write simple sentences in the English language) to labor in or about any mill, factory, manufacturing establishment, or other establishment using machinery, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than $50 nor more than $200; and each day the provisions of this act are violated shall constitute a separate offense; provided, that such child who has a widowed mother, or parent incapacitated to support it, may be employed between the hours of 6 a. m. and 6 p. m.; provided further, that such parent is incapacitated from earning a living, and has no means of support other than the labor of such child; and in no event shall any child between the ages of 12 and 14 years be permitted to work outside the hours between 6 a. m. and 6 p. m." It is clear that appellee's employment of the boy was in violation of this statute, and that the policy it sued on

did not cover the indemnity it sought to recover on account of the sum in damages and expenses it paid in settlement of the suit against it.

[2] The theory upon which it was held, nevertheless, that appellee was entitled to be indemnified by appellant against that loss, was that the latter by its conduct had become estopped to deny liability therefor. The testimony relied upon to show such an estoppel, briefly stated and ignoring contradictory testimony, was about as follows: It was stipulated in the policy that upon the occurrence of an accident covered by it appellee should at once give written notice thereof to appellant, and should at all times render to appellant, with reference to any claim made against it on account thereof, "all co-operation and assistance in its power." It was further stipulated in the policy: "The assured, whenever requested by the company, shall aid in effecting settlements, securing information and evidence, the attendance of witnesses and in prosecuting appeals, but the assured shall not voluntarily assume any liability or interfere in any negotiation for settlement, or in any legal proceeding, or incur any expense, or settle any claim, except at its own cost, without the written consent of the·company previously given, except that the insured may provide at the company's expense such immediate surgical relief as is imperative at the time of the accident." On the day after the accident to the boy appellee notified appellant at Dallas thereof, stating in its report that the boy was about 15 years of age. A few days thereafterwards, one Saunders, an adjuster representing appellant, called at appellee's office in Tyler, and was advised by its officers that they had been informed by both the boy and his older brother that he was over 14 years of age, but that it was rumored he was only 13 years of age. Saunders, after being so advised by appellee's officers, directed them to call on the boy's mother and offer her $100 in settlement of the claim it was assumed she would make against appellee for damages. One Wright, appellee's secretary, accordingly called upon and offered Mrs. Bell $100 in settlement of the claim. She refused the offer. Wright advised Saunders of the refusal, and stated that he (Wright) thought Mrs. Bell would accept $150 or $200 in settlement of the claim. Saunders replied that appellant would rather have a suit brought on the claim than to pay more than $100 in settlement of it. No further effort to effect a settlement of the claim was then made. Saunders returned to Dallas, where he resided. August 24, 1910, Mrs. Bell, for herself and as next friend of her son Lester, commenced the suit against appellee to recover damages for the injury to the boy. In the policy was a stipulation as follows: "If suit is brought against the assured to enforce a claim for damages covered by this policy he shall immediately forward to the company every summons or other process as soon as the same shall be served on him, and the company will, at its own cost, defend such suit in the name and on behalf of the assured." On the filing of the suit against it, appellee at once notified appellant of the fact. A few days thereafterwards Saunders again called at appellee's offices, and with the assistance of officers of appellee made a full investigation of the claim asserted by Mrs. Bell, securing statements from witnesses, photographs of appellee's plant, and the machine about which the boy was working at the time he was injured, etc. While making this investigation Saunders and appellee's officers ascertained definitely, if they did not know it before, that the boy when injured was only 13 years of age. During the time something was said between them about the advisability of making an effort to compromise the suit, and Saunders again declared that appellant would rather fight it than pay more than $100 in settlement of the claim, and advised appellee that appellant would have its Dallas attorney to defend the suit and probably would employ a Tyler lawyer to assist in the defense thereof. Having completed the investigation he had commenced, Saunders returned to Dallas. Later C. H. Verschoyle, one of appellant's general agents at Dallas, visited appellee at Tyler, and advised its officers that appellant denied that its policy issued to appellee covered the claim of Mrs. Bell and her son, and notified appellee's officers that appellant would not defend the suit. This was before the time in which to file an answer to the suit had expired. Thereafterwards appellee agreed with Mrs. Bell upon the compromise of the suit as hereinbefore stated.

Appellant insists that because Saunders on his first trip to Tyler, instead of denying liability on the part of appellant, attempted to effect a settlement of the claim based on the accident, and on his second trip, instead of denying such liability, had appellee's officers to assist him in making an investigation and stated to them that appellant would have its attorney defend the suit, appellant was estopped to deny liability to it as claimed. The argument is that appellee thereby was misled and deprived of the right to act in the matter, and so prevented from settling the claim by the payment to Mrs. Bell of $150 or $200. The answer to the contention, we think, is that appellee was not deprived by Saunders' conduct of any right it had in the matter, and was not misled by him as to any fact affecting its rights. It had the same or a better opportunity than Saunders had to know the age of the boy, and ascertained as soon as Saunders did that he was only 13 years of age. It knew as soon as Saunders· did that it had employed the boy in violation of law. It knew as well as Saunders did that the policy did not cover accidents to children employed in vio-

lation of law. It knew that appellant, nor Saunders for it, did not have a right to take control of a settlement of the claim, nor a right to require it to assist in the investigation Saunders made; for by the express language of the policy such rights in favor of appellant existed only when an accident in question was covered by the policy. There was no reason referable to anything in the contract why appellee should have recognized Saunders as possessing the rights he assumed to have, nor any reason why it should not at any time after the accident have made any settlement it could have made and desired to make of the claim arising out of it. It does not appear from anything in the record that appellee ever could have settled the claim for a less sum than it finally settled same for; but, if it did so appear, we think its failure to do so should be held to be attributable to its unwillingness to do so, and not to Saunders' conduct. The case on its facts, as we view them, lacks elements essential to estoppel. As the judgment rendered is not sustainable on any other ground, it will be reversed and a judgment will be here rendered in appellant's favor.