ROYAL INDEMNITY CO. v. SCHWARTZ. (No. 372.) †

(Court of Civil Appeals of Texas. El Paso. Dec. 24, 1914. Rehearing Denied Jan. 21, 1915.)

1. INSURANCE (§ 435*)—INDEMNITY POLICY— EXCEPTIONS.

Where a city ordinance made it unlawful for any person under 18 years of age to drive an automobile within the city limits, and plaintiff's automobile, while being driven by his 16 year old son, ran over and killed a child, a provision of plaintiff's indemnity policy that it did not cover losses sustained while the automobile was being operated in violation of law was sufficient to protect the insurer from loss on account of the death of the child and from liability to pay costs recovered of the insured, if the ordinance was valid in fact.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1144; Dec. Dig. § 435.*]

2. MUNICIPAL CORPORATIONS (§ 111*)—ORDINANCES—AUTHORITY TO PASS—REASONABLENESS.

An ordinance passed under a city's general grant of power must be reasonable, and, where the specific grant of power is contained in a charter to pass ordinances on named subjects, the test as to their constitutional limitations must be whether the ordinances contravene a common right, and, if the question is doubtful, it must be resolved against the ordinance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 245–256; Dec. Dig. § 111.*]

3. MUNICIPAL CORPORATIONS (§ 625*)—ORDINANCES—AUTOMOBILES—REGULATION.

A city ordinance making it unlawful for any person under 18 years of age to drive an automobile "within the city limits" was invalid for unreasonableness as invading the rights of citizens by including within its regulated territory property other than streets and alleys, over which the city had no control.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1378, 1379; Dec. Dig. § 625.*]

4. INSURANCE (§ 513*)—INDEMNITY POLICY— LIABILITY FOR COSTS.

Where an automobile accident policy provided that if any person should sustain bodily injury by accident by reason of the use of the machine, for which injury the insured was or

---

was alleged to be liable, the company would indemnify him against such liability and would pay all costs incurred with the company's written consent, the policy indemnified against liability, as distinguished from loss; and hence, having refused to defend an action against plaintiff for injuries. the company was liable for a reasonable attorney's fee, for which plaintiff contracted and was liable, though plaintiff had not paid the same.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 513.*]

5. INSURANCE (§ 513*)—INDEMNITY POLICY—DEFENSES—ESTOPPEL.

An indemnity company, having repudiated its obligation to defend an action against insured for injuries, was estopped to claim nonliability for attorney fees incurred by insured in himself defending the suit because the insurer's consent in writing to incur the fee was not first had.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 513.*]

6. APPEAL AND ERROR (§ 1068*)—INSTRUCTIONS—PREJUDICE.

Where, in an action to recover for attorney's services under an automobile accident indemnity policy, the undisputed evidence showed that there was an express contract of employment between plaintiff and his attorneys, and that, though the fee had not been agreed on, there was no claim that the fee charged was unreasonable, so that defendant was plainly liable therefor, it was not prejudiced by an instruction that the contract between plaintiff and his attorneys might be either express or implied, etc.

[Ed. Note.—For other cases. see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

Appeal from El Paso County Court; A. S. Eylar, Judge.

Action by A. Schwartz against the Royal Indemnity Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Jones, Jones & Hardie, of El Paso, for appellant. Goldstein & Miller and G. L. & Atlas Jones, all of El Paso, for appellee.

HARPER, C. J. This is an appeal from a judgment in favor of appellee for $505, being attorney's fees and costs incurred by him in the defense of a certain suit, against which, appellee alleged, the appellant had executed its policy of indemnity.

Appellant admitted issuance of the policy and, as matters of defense, alleged that same was issued subject to the conditions therein contained. Those specifically urged here will be quoted in passing upon the assignments of error. Appellant further pleaded and urges, under its first assignment, that the automobile was being operated in violation of law, to wit, an ordinance of the city of El Paso, which provides that it shall be unlawful for any person under the age of 18 years to drive an automobile within the city limits, and that the policy provides that the company shall not be liable for accidents if the automobile, at the time of accident, was being driven by a person in violation of law as to age; and therefore, since the undisputed evidence shows that the machine

was being driven by the 16 year old son of appellee, the court should have instructed a verdict for appellant.

Appellee purchased of appellant a policy of insurance. While the policy was in force, the automobile, while being driven by appellee's son within the city limits of the city of El Paso, who was at the time 16 years of age, ran over and killed Otis Eubank, a child about 7 years old. The day after the accident, the father asserted a cause of action against Schwartz, and same was immediately communicated to the company, and it was asked to defend same. In reply to the notice to defend, a telegram notified the attorneys that the company disclaimed liability, and advised Schwartz to make an adjustment. On April 25th the father instituted suit against appellee for $25,000. A copy of the citation and petition were delivered to appellant's agents, and, through its attorneys, it again declined to defend the suit, and denied liability. Thereafter Schwartz compromised the suit, and judgment was entered against him for $1,000 in favor of Eubanks. Thereupon the appellee, Schwartz, demanded that appellant pay the costs incurred in defending the claim, including attorney's fees, costs of court, and immediate surgical relief. The jury returned a verdict for $505.

[1] The stipulation in the policy protects the company from loss on account of the death of the child and from liability to pay the costs recovered of appellee if there was, in fact, a valid ordinance of the city of El Paso against boys under the age of 18 operating automobiles upon its streets. Ætna Life Ins. Co. v. Tyler Box & L. Co., 149 S. W. 283. Appellee urges that the ordinance relied upon by appellant is void for the following reasons: (1) The city of El Paso has no power, under its charter, to enact the same. (2) That the ordinance by its terms applied to private property as well as public property, within the city of El Paso, and, being in one indivisible clause, the same could not be separated so as to make it apply to streets or public property of the city of El Paso, and for that reason was void. (3) That it conflicts with the state law on the same subject, in that, under the state law, no age limit is fixed. The only requirements under the law of the state is that the owner shall register his automobile and obtain a number. (4) That said ordinance was contrary to common right, arbitrary, unreasonable, oppressive, partial, and an unwarranted invasion of the rights and personal liberties of the citizens of this state.

The ordinance relied upon read as follows:

"No person shall drive or conduct any vehicle required by law or ordinance to be licensed or numbered, when such person is under 18 years of age. It shall be unlawful for any person under 18 years of age to operate or run an automobile within the city limits."

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appellant relies upon section 2 of the city charter as authorizing the city council to pass and enforce the ordinance quoted. There seems to be no other grant of power upon the subject.

"Sec. 2. The city of El Paso shall have power to enact and enforce all ordinances necessary to protect health, life and property, and to prevent and summarily abate and remove nuisances, and to preserve and enforce the good government, order and security of the city and its inhabitants; to protect the lives, health and property of the inhabitants of said city, and to enact and enforce any and all ordinances upon any subject: Provided that no ordinance shall be enacted inconsistent with the laws of the state of Texas, or inconsistent with the provisions of this act: And, provided, further, that the specification of particular powers shall never be construed as a limitation upon the general powers herein granted; it being intended by this act to grant to and bestow upon the inhabitants of the city of El Paso, full power of self-government not prohibited to it by this charter by some general law of the state, or by the provisions of the Constitution of the state of Texas."

[2] This section of the charter is simply a general grant of power for the accomplishment of the things enumerated. Therefore any ordinance passed, if it would find support in authority under it, must be reasonable. But, where specific grant of power is contained in a city charter to pass ordinances upon subjects named, the only test is as to their constitutional limitations—must not contravene a common right, etc. Ex parte McCarver, 39 Tex. Cr. R. 448, 46 S. W. 936, 42 L. R. A. 587, 73 Am. St. Rep. 946. And if the power to pass such ordinance is in doubt, it must be resolved against the ordinance. Ex parte Epperson, 61 Tex. Cr. R. 237, 134 S. W. 685, 37 L. R. A. (N. S.) 303; section 589, Dillon Municipal Corporations (5th Ed.); City of San Antonio v. Salvation Army, 127 S. W. 864.

[3] We think unnecessary to pass upon whether the city council was empowered to pass the ordinance relied upon, by the above section of the charter, for, conceding that the city had authority, under its general powers, to pass a reasonable ordinance "to protect life and property * * * to protect the lives, health and property of its inhabitants," we must hold that the ordinance is not a reasonable one, because not limited to the regulation of the operation of automobiles upon its streets and alleys, but invades the rights of the citizen by including in its territory property over which it has no control. It will be noted that the ordinances quoted do not limit the places where an automobile may be operated to the streets, alleys, and public grounds, over which alone it has control for such purposes, but prohibits or makes it a penal offense to operate an automobile within the city limits which includes upon private property. This invalid feature of the ordinance is so inseparably connected with the whole ordinance as to render the entire ordinance void as an unreasonable and unwarranted invasion of personal liberty. City of Carthage v. Block, 139 Mo. App. 386, 123 S. W. 483; City of San Antonio v. Salvation Army, 127 S. W. 864.

The second assignment is to the effect that the company is not liable by reason of the fact that the following stipulations in the policy limit the liability on the policy to loss:

"(5) The insured shall not make any admission of liability either before or after an accident, nor shall he, except at his own cost, incur any expense, make any payment or settle any claim, nor shall he interfere in any negotiations for settlement or in any legal proceedings in respect to any injury for which the company shall be liable under this policy without in each case the written authority of the company, except only that the insured may provide at the time of the accident (and at the cost of the company) such immediate surgical relief to the injured person or persons as is imperative. The company shall have the right to settle any claim or suit at its own cost at any time. * * *

"(8) No action for the indemnity provided by this policy shall be against the company except for reimbursement of the amount of loss actually sustained and paid in money by the insured in full satisfaction of a judgment duly recovered against the insured after final determination of the litigation, nor unless brought within two years after such final judgment shall have been paid. This condition shall not prejudice any defense to any such action to which the company may be entitled."

[4] And further urges: That Schwartz not being liable for the tort of his child, before plaintiff could have a cause of action against the defendant, for indemnity, to him for damages arising out of the accident, and expenses incurred in defending, it was incumbent upon him to allege and prove that the claim of Eubanks for damages was one for which he was liable. That, the attorney's fees sued for not having been reduced to judgment and not having been paid, it was not within the terms of the policy sued on. The same questions are presented under different assignments and propositions, but it is not deemed necessary to enter into a discussion of them seriatim as presented, for the inquiry is: Is the company liable under its policy for the attorney's fees under the foregoing facts?

Section 3 provides:

"* * * If any person * * * shall sustain bodily injury by accident * * * by reason of the * * * use of the automobile * * * for which injuries the insured is, or is alleged to be liable for damages, then the company will indemnify the insured against such liability * * * and will pay all costs incurred with the company's written consent."

Clearly this policy indemnifies against liability. The facts show conclusively that Schwartz is now liable to his attorneys for services performed in the settlement of a suit brought by Eubanks for damages arising by reason of the death of a child occasioned by the operation of the automobile concerning which the policy was issued. The company having refused to defend, as it had obligated itself to do, it was incumbent upon Schwartz to conduct his own defense. Since the question of Schwartz's liability for the death of the child is not now in question, because he

is not suing for the amount paid as damages, but only for attorney's fees for which he is liable, he is clearly entitled to recover, and it was not necessary that the fee be paid to enable him to recover, but when he established that he was obligated to pay, and that the fee is reasonable, the liability contemplated by the policy had arisen, and his cause of action accrued.

[5] And the company, after repudiating its obligation to defend, cannot be heard to say that, before it is liable for attorney's fees, its consent in writing to incur the fee must first have been had. In effect, that would be to hold that the company, having in effect declared that it would not perform the obligation of its bond, thereby refusing to give consent in writing, Schwartz, not having written consent, cannot recover. The company cannot refuse to perform its part and demand anything of the assured. St. Louis Dressed Beef & Prov. Co. v. Maryland Casualty Co., 201 U. S. 173, 26 Sup. Ct. 400, 50 L. Ed. 712; South Knoxville Brick Co. v. Empire State Surety Co., 126 Tenn. 402, 150 S. W. 92, Ann. Cas. 1913E, 107.

There is no merit in the eighth and twelfth assignments.

The ninth, tenth, eleventh, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth assignments are disposed of by the discussions above, or else are for other reasons unnecessary to enumerate without merit.

[6] The eighteenth assignment reads:

"Because the court erred in giving, at the instance of the plaintiff, special charge on behalf of the plaintiff, wherein the court told the jury that an agreement may be either expressed or implied, and that if one person requests another person to perform services for him without making an express agreement as to what he will pay for such services, and if, in pursuance of such requested services, they are furnished by the party requested to render such services for the party requesting such services, then and in that event the law implies an agreement on the part of the party requesting such services to pay a reasonable value for such services, because, under the undisputed evidence in this case, no such issue could arise or did arise. There was no evidence that the defendant requested the plaintiff's attorneys to perform any services whatsoever, and the policy on which the plaintiff sued contains the express provision that no agreement on the part of the plaintiff to incur any costs or expenses shall be made, except with the written consent of the defendant, and said instruction was contrary to the evidence introduced, and in conflict therewith."

And the nineteenth is substantially to the same effect. It is true that, if plaintiff had any contract with the attorneys to represent him, it was an express contract, and the only part of the contract not expressed but implied is for the attorney's fees.

The undisputed evidence being that there was an express contract of employment of the attorneys, Goldstein & Miller, and that the fee for services was not agreed upon, but there being no controversy as to the reasonableness of the fee charged, rule 62a (149 S.

W. x) is applicable. Schwartz is liable for the fee because the services were performed and the charge is reasonable, and, under appellant's indemnity bond, it is liable to Schwartz for the amount. So, from all the record, exact justice will have been done by the enforcement of the judgment rendered; even though there be error in the charge on implied contract of employment, it cannot be cause for reversal.

Being no error, the judgment is affirmed.