# APRIL, 1925.

### EX PARTE MRS. J. C. MAYNARD.

No. 7883.   Delivered May 7, 1924.

Rehearing denied Oct. 7, 1925.

1.—Soliciting Passengers at Depot—Habeas Corpus—Validity of City Ordinance.

By way of an original application for a writ of Habeas Corpus, relator attacks the validity of a City ordinance of the City of Jacksonville, prohibiting the soliciting of passengers at the railroad depot of Jacksonville by any person not authorized so to do by the railroad company.

2.—Same—Statute Construed—Art 870 Rev. Civ. Stats. of 1911.

Under art. 870, Rev. Civ. Stats. of 1911, we think it quite clear that cities have the power to make reasonable regulations governing persons engaged in the transfer business. The nature of the means adopted to this end, alone may be called in question. Following Ex Parte Epperson, 61 Tex. Crim. Rep., 237; 37 L. R. A. (N. S.) 203 and other cases cited.

**3.—Same—Validity of Ordinance—Held, Invalid.**

The question presented involves the validity of a criminal law, which by its terms exempts from its operation certain solicitors selected by the railroad company, and condemns those not so selected. It is an unjust discrimination, in that it denies to some, privileges which by the terms of the law, others are privileged to do, this privilege resting upon the option of the railroad. See Ex Parte Vance, 42 Tex. Crim. Rep. 620 and other cases cited.

**4.—Same—Continued.**

The exemption attempted in Sec. 3 of said ordinance is deemed of such a nature, as to characterize the whole ordinance as discriminatory. To eliminate Sec. 3 of the ordinance would in our judgment, go counter to the intent of the city government in passing the ordinance. That section being illegal, and inseparable from the other parts of the ordinance, renders the entire ordinance invalid and the relator is ordered discharged. Following Oates, State 56 Tex. Crim. Rep., 571 and other cases and authorities cited.

ON REHEARING.

**5.—Same—Legislative Authority—To Delegate Power—Rule Stated.**

It is the well settled rule, that the power to make laws, which by their terms become, and are effective or not, at the pleasure of individuals or corporations, does not exist in the legislature, and cannot be asserted by a municipality, created under Legislative Act. Following Jannin v. State, 42 Tex. Crim. Rep., and other cases cited, and distinguishing Kenyon Hotel Co. v. Oregon Short Line Co., 220 Pac. 382 and Mader v. City of Topeka, 106 Kan., 867.

Appeal from the County Court of Cherokee County. Tried below before the Hon. J. J. Bolton, Judge.

Appeal from Habeas Corpus proceeding testing the validity of a city ordinance of the city of Jacksonville.

The opinion states the case.

*M. L. Lefter,* for appellant.

*W. A. Keeling,* Attorney General, *C. L. Stone,* Assistant Attorney General; *Lee G. Carter,* City Attorney, and *Wm. Emerson Stone,* Assistant City Attorney, for the State.

MORROW, Presiding Judge.—Relator was convicted in the Corporation Court of the town of Jacksonville of a misdemeanor; punishment fixed at a fine of one dollar and costs.

By way of an original application for a writ of habeas corpus she attacks the validity of the ordinance upon which the prosecution is founded.

Sections 1, 2 and 3 of the ordinance read thus:

"It shall hereafter be unlawful for any person to go into the cars or go into or remain in the station or upon the station or upon

the station grounds or station platform of any railroad company within the corporate limits of the Town of Jacksonville, Texas, or to park or stand a car or vehicle or other conveyances on such grounds to solicit or receive passengers or other transfer business for any corporation, company, partnership, association or individual doing a transfer business for passengers, baggage or other subject of transfer while a passenger train or railway motor passenger car is on such station grounds for the purpose of delivering or receiving passengers or baggage.''

''Any person violating the provisions of this ordinance shall be punished by a fine in any sum not exceeding fifty dollars for each offense.''

''This ordinance shall not apply to any corporation, company, partnership, association, or individual doing such a transfer business under contract with such railroad company to transfer its through passenger and baggage to other railway stations in said town.''

The complaint, in substance, charges that the appellant went to the station of the International & Great Northern Railroad Company in the city of Jacksonville to solicit passengers for the transfer business of herself and husband, while a passenger train was on the station grounds for the purpose of delivering and receiving passengers, neither relator nor her husband being at the time under contract with the railroad company mentioned to transfer through passengers and baggage to other railroad stations.

The specific grounds of attack are that the regulation of the business mentioned is not within the purview of the police power; that it is discriminating in permitting others engaged in the transfer business to perform the prohibited acts; that it was not authorized by the legislature, nor was it within the charter power of the city. The city is incorporated under the general law for the formation of municipal corporations embraced in Title 22 of the Revised Civil Statutes of 1911. Under Art. 870 of the statute, power is vested by the legislature in towns and cities to ''regulate hackmen * * * and all others pursuing like occupations,'' in these words:

''To license, tax and regulate hackmen, draymen, omnibus drivers and drivers of baggage wagons, porters, and all others pursuing like occupations, with or without vehicles, and prescribe their compensation, and provide for their protection, and make it a misdemeanor for any person to attempt to defraud them of any legal charge for services rendered, and to regulate, license and restrain runners for railroads, stages and public houses.'' (R. S., Art. 870.)

We think it is quite clear that the cities have the power to make reasonable regulations governing persons engaged in the transfer business. The nature of the means adopted to this end alone may be called in question. On this subject, see Ex parte Epperson, 61 Texas Crim. Rep. 237; 37 L. R. A. (N. S.), 203; Ex parte Battis, 40

Texas Crim. Rep. 112; 43 L. R. A| (N. S.) 863; Ex parte Vance, 62 S. W. Rep. 568; Ex parte Bradshaw, 159 S. W. Rep. 259; Ragio v. State, 68 S. W. Rep. 401; Greene v. City of San Antonio, 178 S. W. Rep., 6; Clisbee v. Chicago, etc., 230 S. W. Rep. 235; Napman v. People, 19 Mich. 352; Emerson v. McNeil, 106 S. W. Rep. 479; Ex parte Parr, 82 Texas Crim. Rep. 525; Colorado Springs v. Smith, 36 Pac. Rep. 540; Emporia v. Shaw, 51 Pac. Rep., 237; Ruling Case Law, Vol. 6, page 244.

Ordinances restrictive of the acts of persons soliciting passengers for hire upon railroad premises have often been upheld. They are said to rest upon the authority under the police power to enact reasonable regulations preventing annoyance to passengers and prospective passengers upon the railroad trains. Illustrations are found in Seattle Taxicab Co. v. Seattle, 86 Wash. 594; 150 Pac. Rep., 1134; Ruling Case Law, Vol. 19, p. 860, sec. 162; Cosgrove v. Augusta, 103 Ga. 835; 42 L. R. A., 711; City of Seattle v. Hurst, 97 Pac. Rep. 454; 18 L. R. A., (N. S.), p. 169; Amer. & Eng. Ann. Cas., Vol. 18, p. 865, note p. 867; Chillicothe v. Brown, 38 Mo. App. 609; Laddonia v. Poor, 73, Mo. App. 465. A statute addressed against the same evil was upheld by the Supreme Court of the United States in the case of Williams v. Arkansas, 217 U. S. Rep. 79.

It follows from what has been said that the ordinance in question, if invalid, is not made so by reason of want of power on the part of the city of Jacksonville to enact a reasonable ordinance to prevent the evil. The vice, if any, in the ordinance is that arising from the exemption from the operation of the ordinance given by Section 3 to persons with whom the railroad company has contracted to convey through passengers from one depot to another. Those who simply perform under the contract the service of transporting through passengers and their baggage from one depot to another would not come within the terms of the ordinance They are not necessarily solicitors. It is against soliciting that the ordinance is directed. It is not necessary to determine whether the railroad company, independent of the ordinance in question might, by a lawful contract, select the persons "who might solicit" passengers for hire in their hacks or other conveyances to the exclusion of those who are not under contract. See Note, A. L. R. Vol. 15, p. 363. The question presented involves the validity of a criminal law which by its terms exempts from its operation certain solicitors selected by the railroad company and condemns those not so selected. We have no difficulty in concluding that the exemption is invalid. It is an unjust discrimination in that it forbids certain persons engaged in the business of hackmen from the conduct of their business in a manner which by the terms of the law, others are privileged to do, this privilege resting upon no legal distinction, but upon the option of the railroad company to make the selection of those to whom

the privilige is extended. See Ex parte Vance, 42 Texas Crim. Rep. 620; 15 L. R. A., (N. S.) 716; Ragio v. State, 86 Tenn. 272; Soon Hing v. Crowley, 113 U. S. Rep. 709. The Supreme Court of Missouri held a like exemption attempted by the railroad company inoperative in the case of Chillicothe v. Brown, 38 Mo. App. 609.

The exemption attempted in Section 3 of the ordinance is deemed of such a nature as to characterize the whole ordinance as discriminatory. As written, the ordinance cannot, in our judgment be construed to reflect the intention of the city council to prohibit solicitation by all hackmen at the time and place mentioned in the ordinance, but rather the intention to discriminate in favor of those to whom the railroad company might give permission or license. To elminate Section 3 of the ordinance would, in our judgment, go counter to the intent of the city government in passing the ordinance. That section being illegal and inseparable from the other parts of the ordinance, it is destructive of the whole. Cooley's Const. Limitations, p. 211; Oates v. State, 56 Texas Crim. Rep. 571; Lawson v. Baker, 220 S. W. Rep. 273; Western Union Telegraph Co. v. State, 66 Texas Rep. 634.

The relator is ordered discharged.

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—There seems a plain distinction between the case here made, and each and all those cited in the lengthy and able motion for rehearing, which distinction is based on the well settled rule that the power to make laws which by their terms become and are effective or not at the pleasure of individuals or corporations, does not exist in the legislature, and cannot be asserted by a municipality created under legislative authority. The last clause of the ordinance here held invalid, and which is quoted in our original opinion, expressly authorizes a railway company to exempt or vice versa, at its pleasure, from the operation of the ordinance any individual or company doing a transfer business,—by simply making a contract that he or it transfer through passengers and baggage with or without the transfer of local business. Jannin v. State, 42 Texas Crim. Rep. 631; Railway Co. v. Mahaffey, 98 Texas, 395; McDonald v. Denton, 132 S. W. Rep. 823; Ex parte Farnsworth, 135 S. W. Rep. 535.

We think the principle upon which the Kenyon Hotel Co. v. Oregon Short Line Co., 220 Pac. 382, and Mader v. City of Topeka, 106 Kan. 867, rest, is different from that which controls in our conclusion in the case before us.

The motion for rehearing will be overruled.

*Overruled.*