**N. T. WILLIAMS et al., Appellants,**

**v.**

**Jim WHITTEN et al., Appellees.**

**No. 471.**

Court of Civil Appeals of Texas, Tyler.

Feb. 26, 1970.

Rehearing Denied March 19, 1970.

Holt & Tatum, Marion G. Holt, Nacogdoches, for appellants.

Richard W. Fairchild, Nacogdoches, for appellees.

McKAY, Justice.

Appellants brought suit seeking a permanent injunction against appellees to enjoin them from constructing a forty-five (45) unit trailer park within fifty feet of Pine Crest Nursing Home, and rent houses on adjoining property to the tract upon which the trailer park was being constructed. Appellants alleged that the construction of the trailer park would be a nuisance per se in that it violated Section 3.02[1] of Article 3 of the Ordinance of the City of Nacogdoches; that their land joined the tract intended to be used as a trailer park; and that they have not given their consent, and are not owners of mobile homes and/or travel trailer parks. Appellants also plead that the trailer park would create a continual traffic noise, dust, other noise, and danger from traffic to residents or patients of the nursing home; that such noise, dust and traffic would render the nursing home property valueless, and cause appellants to sustain great and irreparable damage by having said nursing home, and profits arising therefrom, impeded and destroyed.

Appellants specially excepted to the nuisance per se paragraph, alleging that Section 3.02 of Article 3 of the Ordinance was, upon its face, invalid, unconstitutional, and void in that it attempts to confer upon and vest an unbridled and arbitrary authority in such parties or persons who own property within 200 feet of a mobile home and/or travel trailer park to exercise legislative power to determine whether such use may be made of the property, and that the or-

---

1. "Section 3.02—Location.

"Mobile home and/or travel parks may be located only in conformity with the Building Code Ordinance of the City, and in addition to the requirements contained therein, each boundary of the park must be at least two hundred (200) feet from any property outside the park, unless all the property owners within said two hundred (200) feet consent in writing to the establishment of the park."

dinance was arbitrary, oppressive, discriminatory, wholly unreasonable and deprived appellees of their property without due process of law, takes, damages and destroys appellees' property for public use without adequate compensation, denies equal protection of the law, exceeds the authority of the City of Nacogdoches, and attempts to confer upon others legislative authority and the right to suspend the laws of the State and the City of Nacogdoches, all in violation of the Constitutions of the State of Texas (Art. I, Sec. 3, 17, 19, 28, Vernon's Ann.St.), and of the United States (Amendments 5, 14).

The trial court sustained appellees' exception to appellants' paragraph alleging nuisance per se based on Section 3.02 of Article 3 of the Ordinance. The case then went to trial before a jury on appellants' allegation that the establishment of a trailer park would be a nuisance in fact. At the close of appellants' evidence, the trial court granted appellees' motion for instructed verdict and entered judgment that appellants take nothing.

Appellants appeal on two points—the first being that the trial court committed error in sustaining appellees' special exception and holding Section 3.02 of Article 3 of the Ordinance unconstitutional; and the second point being that it was error to grant appellees' motion for an instructed verdict.

■ At the outset, we are confronted by appellees' contention that appellants' first point of error was not properly preserved for review under Rules 324 and 325, Texas Rules of Civil Procedure, because no motion for new trial was filed and that such was necessary to bring the ruling of the trial court on the special exception before the appellate court. The case of City of Roma v. Starr County, 428 S.W.2d 851 (Tex.Civ.App., San Antonio, 1968, err. ref., n. r. e.), answers this contention by holding that Rule 325 does not require a ruling on a special exception to be called to the trial court's attention by motion for new trial

as a prerequisite to complaining on appeal of such action. The City of Roma case, apparently for the first time, distinguishes the sustaining of a special exception, which eliminates a ground of recovery, from motions for continuance, motions for change of venue, and *similar* preliminary motions. In view of the cited case, appellants' point 1 is before us for consideration.

■ The ordinance set out in the footnote provides that a mobile home and/or travel trailer park cannot be located within 200 feet of the property line unless all of the owners of property within said 200 feet consent in writing to the establishment of the park. Owners of mobile homes and/or travel trailer parks are excepted from the consent provision. Appellants concede that the courts in Texas have, in two cases, held this type of ordinance unconstitutional. These cases are Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513, 19 A.L.R. 1387 (1921), and City of Dallas v. Urbish, 252 S.W. 258 (Tex.Civ.App., Dallas, 1923, err. dism.). However, appellants contend that both of these cases relied on authority from the courts of other States and that later cases from other jurisdictions have held contrary to the Spann and Urbish cases. We are cited Cady v. City of Detroit, 289 Mich. 499, 286 N.W. 805 (1939), and Huff v. City of Des Moines, 56 N.W.2d 54 (Sup.Ct. of Iowa, 1952).

In 37 Am.Jur., Sec. 162, page 783, we find the following language:

"* * * Where an ordinance thus attempts to confer power on some property holders virtually to control and dispose of the property rights of others, and creates no standard by which the power thus given is to be exercised, so that the property holders who desire and have the authority to establish the regulations may do so solely for their own interests, or even capriciously, constitutional limits have been violated. * * * The consent provision is an unlawful delegation of legislative authority and dis-

cretion, with no rule or standard to guide those whose decisions will control. * * "

In 40 Tex.Jur.2d, Sec. 360, page 44, we find this language:

"* * * And an ordinance is invalid where it does not set up any standard for determining whether a certain kind of building may be erected in a particular district or locality, but leaves the determination of the question to the caprice, whim, or arbitrary discretion of a board, or an officer, *or to the desires of the owners of near-by property.*" (emphasis ours). Citing Spann v. City of Dallas, supra, and others.

In the case of State of Washington ex rel. Seattle Title Trust Company v. Roberge, 278 U.S. 116, 49 S.Ct. 50, 73 L.Ed. 210, 86 A.L.R. 654 (1928), the Supreme Court of the United States held an attempted delegation of power similar to the ordinance here was a violation of the due process clause of the Fourteenth Amendment of the United States Constitution. This case has been followed and cited many times. 86 A.L.R. 654 and cases cited, Concordia Collegiate Institute v. Miller, 301 N.Y. 189, 93 N.E.2d 632, 21 A.L.R.2d 544 and cases cited; State ex rel. Foster v. City of Minneapolis, 255 Minn. 249, 97 N.W.2d 273 (1959). Spann v. City of Dallas, supra, holds that the police power of the municipality may not be delegated to the adjoining property owners or to a person such as a building inspector or a Chief of Police. It appears that there is no uniformity in the holdings of the courts in other States since some have held ordinances like the one here valid, and some have held them invalid. See 86 A.L.R. 654; 21 A.L.R.2d 551; 3 A.L.R.2d, Later Case Service, page 359, 360. Three Texas cases, City of Dallas v. Mitchell, 245 S.W. 944 (Tex.Civ.App., Dallas, 1922, writ ref.); City of Dallas v. McElroy, 254 S.W. 599 (Tex.Civ.App., Dallas, 1923, writ dism.); and Crossman v. City of Galveston, 112 Tex. 303, 247 S.W. 810 (Tex.Sup., 1923), followed the Spann case, and each cited and quoted

*Spann* with approval. We have found no Texas cases, however, which hold contrary to the Spann case, supra, or to the Roberge case, supra.

The Court of Criminal Appeals of Texas followed the same rule and reasoning in Ex Parte Maynard, 101 Tex.Cr.R. 256, 275 S.W. 1070 (1925), and in Ex Parte Wilmoth, 125 Tex.Cr.R. 274, 67 S.W.2d 289 (1934). In Ex Parte Maynard, we find this language:

"* * * the power to make laws which, by their terms, become and are effective or not at the pleasure of individuals or corporations, does not exist in the Legislature, and cannot be asserted by a municipality created under legislative authority. * * * "

Harrington v. Board of Adjustment, 124 S.W.2d 401 (Tex.Civ.App., Amarillo, 1939, writ ref.), held that the Board of Adjustment of a municipality could not be delegated authority to grant exceptions to a zoning ordinance and quoted the Roberge case, supra. See also Board of Adjustment of City of San Antonio v. Levinson, 244 S.W.2d 281 (Tex.Civ.App., San Antonio, 1951, n. w. h.). The case of City of Houston v. Freedman, 293 S.W.2d 515 (Tex.Civ.App., Galveston, 1956, writ ref., n. r. e.), follows and quotes from Spann v. City of Dallas, supra. See also Crossman v. City of Galveston, supra.

The ordinance in question here is invalid because it attempts to delegate the police power to the adjoining property owners. Appellants' point 1 is overruled. The trial court was correct in holding the ordinance unconstitutional.

The evidence offered by appellants on the question of whether the mobile home or trailer park would be a nuisance in fact was, in the main, the testimony of two witnesses who lived near another mobile home or trailer park on Seal Street in the City of Nacogdoches. In substance, their testimony was to the effect (1) that there was traffic noise up and down the street near

the trailer park; (2) that they did not know whether the vehicles making such noise came from the trailer park or were owned by persons who lived there; (3) that they did not hear noise from the park itself apart from the traffic; and (4) that the trailer park produced no dust that invaded their property.

The operation of a mobile home or trailer park is not a nuisance per se. Appellants had the burden of producing evidence of probative force that the operation of the proposed mobile home or trailer park would necessarily create a nuisance. Appellants did not discharge this burden.

Before the operation of a business not a nuisance per se will be enjoined, it must appear that the operation of that business will necessarily create a nuisance. Conner v. Smith, 433 S.W.2d 911 (Tex. Civ.App., Corpus Christi, 1968, n. w. h.); Iford v. Nickel, 1 S.W.2d 751 (Tex.Civ. App., San Antonio, 1928, n. w. h.). See also Storey Central Hide & Rendering Co., 148 Tex. 509, 226 S.W.2d 615.

Appellants' point 2 is overruled.

The judgment of the trial court is affirmed.