FORTY-ACRE SPRING LIVE STOCK COMPANY ET AL. V. WEST TEXAS BANK & TRUST COMPANY.

Decided April 7, 1909.

**Injunction—Appeal.**

The Act of April 16, 1907 (Laws 30th. Leg. p. 206) amending art. 2989 Rev. Stats. contemplates that some action must be taken in the court below calling in question the correctness of the proceedings in the trial court granting a temporary writ of injunction before such order can be revised on appeal. Where there was no answer by defendants nor any motion to dissolve and the exceptions urged on appeal were in the nature of demurrers to the sufficiency of the petition for injunction, the order granting it will be affirmed unless fundamental error appears.

Appeal from the District Court of Travis County. Tried below before Hon. Geo. Calhoun.

*Dowell & Dowell,* for appellants.—The petition is, as to the facts stated, based on information and belief, and an injunction can not be granted on such. Batts' Rev. Stats., art. 2992; Pullen v. Baker, 41 Texas, 420; Duck v. Peeler, 74 Texas, 272; Jordan v. Corley, 42 Texas, 287; Wheeler v. Gray, 5 Texas Civ. App., 12; Marshall v. Shuber, 3 App. C. C., sec. 370; Dimmitt v. Garnier, 2 Texas U. C., 334.

Where the allegations in a petition state they are made on information and belief, to be sufficient the name of the party giving such information should be disclosed and his affidavit attached stating the facts upon which the allegations are made. Pullen v. Baker, 41 Texas, 420; Harrison v. Crumb, 1 App. C. C., sec. 992; Beyan v. Knight, 1 Texas, 180; Carter v. Carter, 32 Texas, 212.

The petition does not allege that Frank Heierman and Hall Bros. are insolvent, and no injunction could be granted unless such allegations were made. Cameron v. White, 3 Texas, 152; Watrous v. Rogers, 16 Texas, 410, 411.

For all this court knows (and in fact it is true) Frank Heierman and Hall Bros., or either, are able to respond in damages for the taking of such timber, and appellees have a plain, adequate and complete remedy at law, therefore the injunction should not be granted. Summer v. Crawford, 41 S. W., 825; Lopez v. Rodreques, 3 App. C. C.,

sec. 113; Duck v. Peeler, 74 Texas, 271; Dimmitt v. Garner, 2 Texas U. C., 334; Windisch v. Gossett, 30 Texas, 745.

The petition is bad for uncertainty in that it does not state what allegations are made on the knowledge of affiant, and what upon information of others. Pullen v. Baker, 41 Texas, 420; Harrison v. Crumb, 1 App. C. C., sec. 992; Bryan v. Knight, 1 Texas, 180; Carter v. Carter, 32 Texas, 12.

The petition does not allege the value of the land with the timber nor without, neither does it allege the value of the timber as a whole, that taken and that to be taken; neither does it allege the value of that taken, and it does not appear, it not being land, but timber the subject matter of the suit, that the District Court has jurisdiction, and without such allegations as to value no injunction could issue, as the petition should state all and negative all which is necessary to establish a right. Gibson v. Templeton, 62 Texas, 558; Harrison v. Crumb, 1 App. C. C., sec. 192; Bryan v. Knight, 1 Texas, 180; Carter v. Griffin, 32 Texas, 212.

No brief for appellees.

RICE, Associate Justice.—This is an appeal from an order granting a temporary injunction under article 2989, Revised Civil Statutes, relating to injunctions, as amended in 1907. On the 10th of February, 1909, the West Texas Bank & Trust Company, a private corporation, filed suit in the District Court of Travis County against the Forty-Acre Spring Live Stock Company, a private corporation, and also against John Dowell, Frank Heierman, Will A. Hall and John Tom Hall, the last two composing the firm of Hall Bros., substantially alleging that about the 24th day of June, 1907, in the District Court of Bexar County, it recovered judgment against John Dowell and said Forty-Acre Spring Live Stock Company, for the sum of $39,-035.13, with a decree foreclosing a deed of trust and vendor's lien on certain tracts of land fully described in said petition, and that thereafter it sued out an order of sale in said cause, directed to the sheriff of Travis County, commanding him to seize and sell said described tracts of land, and that in pursuance thereof, said sheriff did, about the 19th of October, 1907, seize said tracts of land by virtue of said order of sale, and advertised the same for sale and did thereafter sell two of said tracts of land, describing them, but did not sell the remaining tracts mentioned in said order of sale, for the reason that he and the plaintiffs in said judgment were enjoined from further executing said writ by an injunction issued out of the District Court of Travis County, in a certain suit pending therein, wherein Frank Heierman was plaintiff and Geo. Matthews, Sheriff, and others were defendants. It was further alleged in said petition upon information and belief that the defendants had entered into an arrangement with Hall Bros. whereby they were to enter upon the remaining tracts of land, and cut and remove the timber growing thereon, and that in pursuance of said agreement they had entered upon said premises and had cut and appropriated a large portion of the timber thereon to their own use and benefit, and were continuing to cut and remove said

timber from said tract of land; that its said judgment theretofore obtained in the District Court of Bexar County against said 40 Acre Spring Live Stock Company and John Dowell was still unsatisfied, save and except the price bid for said two sections of land sold, as above stated, amounting in the aggregate to the sum of $640, and except as to $4,209 received from the sale of certain personal property; that both said 40 Acre Spring Live Stock Company and John Dowell were insolvent, and that said remaining tracts of land were insufficient to satisfy the balance of said judgment; that it was unable to state whether said Heierman or Hall Bros. or either of them, were financially able to respond in damages for said trespass upon said premises, and that it had no adequate remedy at law; that unless restrained by order of the court, defendants would cut, dispose of and waste said timber so as to render plaintiff's judgment of little value. Wherefore it prayed for a temporary writ of injunction restraining them from further trespassing thereon, etc.

On the 11th of February, 1909, the court upon consideration of said application, granted said temporary injunction as prayed for upon the plaintiff's filing bond, and the same was duly issued in accordance with said order.

On the 20th of February, the defendant gave notice of appeal from this order, filing an appeal bond, as required therefor. There was no motion to dissolve, nor was any answer filed by the defendants, and nothing whatever done by them in the court below, except to give notice of appeal, as above stated, and to thereafter file their assignments of errors.

Sections 2 and 3 of the Act of the Thirtieth Legislature amending article 2989, title 56 of the Revised Civil Statutes, pages 206-7-8 read as follows:

"Sec. 2. Any party or parties to any civil suit wherein a temporary injunction may be granted or dissolved under any of the provisions of this title in term time or in vacation, may appeal from the order or judgment granting or dissolving such injunction to the Court of Civil Appeals having jurisdiction of the case; provided, the transcript in such case shall be filed with the clerk of the Court of Civil Appeals not later than fifteen days after the entry of record of such order or judgment granting or dissolving such injunction.

"Sec. 3. It shall not be necessary to brief such case in the Court of Appeals or Supreme Court, and the case may be heard in said courts on the bill and answer and such affidavits and evidence as may have been admitted by the judge granting or dissolving such injunction; provided, the appellant may file a brief in the Court of Appeals or Supreme Court upon furnishing the appellee with a copy thereof not later than two days before the case is called for submission in such court, and the appellee shall have until the day the case is called for submission to answer such brief."

The questions raised by appellant's several assignments of error, in effect, amount to a general demurrer and special exceptions, by which the sufficiency of the petition for injunction is questioned. We think that the statute above quoted contemplated that some action must be taken in the court below calling in question the correctness

of the proceedings before this court would be justified in undertaking to revise its action. Here there was no question raised in the trial court by the defendants, nor any ruling made which defendants seek to have reviewed, except the bare question as to the right of the court below to grant the injunction upon the petition. The errors assigned are such as, in our judgment, may be waived where no objection has been urged in the court below, as in the present instance, and must be so held. And unless it appears that fundamental error has been committed by the court below in granting the injunction in the first instance, we are constrained to believe that we have no authority to revise the action of that court; and, believing that no such error appears in the record, its judgment is affirmed.

*Affirmed.*

Writ of error refused.