FT. WORTH & D. C. RY. CO. v. WHITE
et al.

(Court of Civil Appeals of Texas. Ft. Worth. March 15, 1913. Rehearing Denied April 12, 1913.)

CARRIERS (§ 16*)—USE OF PREMISES—LUNCH VENDORS—INJUNCTION.

A railroad company is entitled to perpetually enjoin lunch vendors from going upon its depot platform, or upon its right of way at or adjacent to its passenger station, as well as from going upon its passenger coaches, in order to sell articles of food to the passengers or others.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 28–30; Dec. Dig. § 16.*]

Appeal from District Court, Clay County; P. A. Martin, Judge.

Suit by the Ft. Worth & Denver City Railway Company against J. A. White and another. From a decree in part for plaintiff, it appeals. Reversed and rendered.

Thompson & Barwise and J. M. Chambers, all of Ft. Worth, and R. E. Taylor, of Henrietta, for appellant. Wantland & Parrish and W. T. Allen, all of Henrietta, for appellees.

DUNKLIN, J. The Ft. Worth & Denver City Railway Company instituted this suit against J. A. White and Arthur McNeal to perpetually enjoin them from going upon plaintiff's trains, depot platforms, and right of way in the town of Henrietta to sell lunches and other articles of food to passengers on plaintiff's trains while stopping at that station upon the ground that in so doing defendants obstructed ingress and egress to and from said trains, thereby endangering the lives of passengers and obstructing the free use of the platforms by plaintiff's employés. Plaintiff further alleged that in the prosecution of their occupation of selling lunches to said passengers defendants were in the habit of climbing upon said trains, and passing across the platforms of the coaches, and that in so doing and in conducting their said business upon the depot platforms and the adjacent right of way they endangered their own lives.

The trial court filed his findings of fact and conclusions of law, which are as follows:

"(1) That plaintiff is a railway corporation under the laws of the state of Texas, and does business as such as a carrier of freight and passengers through the city of Henrietta, in Clay county, Tex., and was so engaged in said capacity for a number of years prior to and at the time of the filing of the petition herein and during all of said time maintained and now maintains a passenger depot and platforms for the embarking and debarking of passengers from its passenger trains at said city of Henrietta, and that during all of said time it has operated four passenger trains per day, which stopped and took on and discharged passengers at said depot, the ground and platform of which and adjacent right of way was then the property of plaintiff.

"(2) That for several months prior to and at the time of filing of the petition herein the defendants J. A. White and Arthur McNeal were engaged in the occupation of selling bread and chicken to the passengers on said trains through the windows thereof and to passengers on the steps and depot platforms while said trains would be standing at said depot while waiting the egress and ingress of passengers; said sales being made by defendants on the right of way of plaintiff then and there being used by plaintiff for the operation of its business as such common carrier, the said right of way not then and there being used as a public county road, or for any other purpose by the public except for purposes incident to the operation of said railway; that in making such sales defendants would sometimes go upon the platforms of the passenger coaches and get in the way of employés of plaintiff and of the passengers.

"(3) That prior to the filing of this suit a demand had been made on defendants by plaintiff that he desist from going upon the right of way of plaintiff, and desist from pursuing his said occupation thereon, which demand defendants ignored, and continued to pursue such occupation in the manner heretofore stated until the temporary injunction granted herein was served upon him, since which time he has continued to make sales on the right of way from the side of the trains opposite said depot; that all of said sales and use of the right of way by defendants was without consent, and over the objection of the plaintiff.

"Conclusions of Law.

"From the foregoing facts, I conclude, as matters of law:

"(1) That plaintiff is not entitled to a perpetual injunction prohibiting defendants from going upon its right of way for the purpose of pursuing his occupation of selling bread and chicken to the passengers on its trains at said station; but is entitled to an injunction preventing defendants from going upon the trains or platforms thereof, and preventing him from getting in the way of the passengers and employés of plaintiff, so as to in any way hinder said passengers in the free use of the depot and right of way, or to hinder the employés of plaintiff in the discharge of their duties as such; and I render judgment denying the injunction, except to the extent here indicated."

Upon such findings judgment was rendered as follows: "That said defendants be and are hereby perpetually enjoined from going upon the trains, platforms, or steps thereof of plaintiff for the purpose of pursuing his said occupation and from getting in the way of passengers and employés of plaintiff on

its right of way and depot platforms in such manner as to obstruct the free use thereof by said passengers and employés, but this judgment shall not preclude the defendants from going upon the private right of way and depot platforms of plaintiff for the purpose of pursuing his occupation of selling articles of food to passengers at said depot and passengers on and about said plaintiff's trains." From the action of the court in refusing the full relief prayed for, plaintiff has appealed.

No statement of facts appears in the record, and no objection is made to the finding of fact, which we therefore adopt, and upon the decisions in G., C. & S. F. Ry. Co. v. Puckett, 82 S. W. 662, Lewis v. Railway Co., 36 Tex. Civ. App. 48, 81 S. W. 111, and Dycus v. Traders' Bank & Trust Co., 52 Tex. Civ. App. 175, 113 S. W. 329, the judgment of the trial court is here reversed and judgment is here rendered in favor of appellant, perpetually enjoining appellees from conducting their said business upon appellant's depot platforms or upon its right of way at or adjacent thereto at appellant's passenger station in the town of Henrietta, and also from going upon the steps or platforms of its passenger coaches or upon its trains for the purpose of selling articles of food to passengers of said trains or to any one else.

We have examined the cases cited by appellee—Calcasieu Lumber Co. v. Harris, 77 Tex. 18, 13 S. W. 453, Olive v. S. & E. T. Ry. Co., 11 Tex. Civ. App. 208, 33 S. W. 139, Lyon v. McDonald, 78 Tex. 71, 14 S. W. 261, 9 L. R. A. 295, and Gladys City Oil, Gas & Mfg. Co. v. Right Of Way Oil Co., 137 S. W. 171—and are of the opinion that those decisions do not sustain the action of the trial court in refusing appellant the full relief prayed for.

Reversed and rendered.