**DENTON et al. v. TEXAS & P. RY. CO.**

(Court of Civil Appeals of Texas. Ft. Worth. March 15, 1913. On Rehearing, Oct. 25, 1913.)

CARRIERS (§ 14*) — PASSENGERS — DEPOT GROUNDS—RIGHTS OF TRANSFER COMPANIES.

Where a railroad company had given a particular transfer company the exclusive right upon the railroad company's trains and premises to solicit baggage, etc., defendant will be enjoined at the suit of the company from going upon its premises to solicit patronage.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 29; Dec. Dig. § 14.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Suit by the Texas & Pacific Railway Company against George C. Denton and another. From decree for plaintiff, defendants appeal. Affirmed.

McLean, Scott, McLean & Bradley, of Ft. Worth, for appellants. Thompson & Barwise and Bryan & Spoonts, all of Ft. Worth, for appellee.

SPEER, J. This is an appeal by George C. Denton and G. W. Suters from a judgment of the district court of Tarrant county, in favor of the Texas & Pacific Railway Company, wherein a "temporary writ" of injunction was awarded against appellants restraining them from soliciting business as transfer agents about the passenger station and trains of the complaining company. A decree appears to have been entered upon the regular call of the cause, at a regular term of the district court, and has the indicia of a final judgment. There are no briefs filed by the appellant, and we would therefore perhaps be justified in dismissing the appeal for the want of prosecution. But treating it as an appeal from an interlocutory order entered in term time (Revised Statutes 1911, arts. 4644 and 4645), we would be required to hear the case without such briefs; but at this point we are confronted with another difficulty, and that is that no motion for a new trial was filed in the court below as required by rule 71a for the district and county courts (145 S. W. vii).

Moreover, no assignments of error were filed in the trial court and none is filed here, and we are completely at a loss to know upon what point or ground a revision of the judgment below is sought. Whether the ruling of the court upon demurrers, the admission or rejection of evidence (there being a statement of facts), or otherwise, is complained of, we cannot determine. The errors are such as may have been waived, and presumably they were. There is no fundamental error apparent, and the judgment is affirmed. Forty-Acre Spring Live Stock Co. v. West Texas Bank & Trust Co., 55 Tex. Civ. App. 116, 118 S. W. 790.

On Rehearing.

The motion for rehearing in this case has been withheld awaiting the decision of the Supreme Court on the question of practice certified in the case of Ft. Worth Improvement District No. 1 v. City of Ft. Worth, 158 S. W. 164 (No. 7,715, not yet officially reported). In accordance with the answer returned to that certificate we have considered the appeal in the absence of a motion for new trial and assignments of error. Following is the restraining order from which the appeal is prosecuted: "It is therefore ordered, adjudged, and decreed by the court, upon the plaintiff filing a good and sufficient bond in the sum of $1,000 as required by law, that a temporary writ of injunction be issued against the defendants and each of them (naming them) restraining them, and each of them, their agents, servants, employés, and solicitors, from entering into the passenger station, baggagerooms, corridors, car sheds, and trains of the Texas & Pacific Railway Company for the purpose of soliciting, receiving, or accepting employment from the pas-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

sengers or patrons of such passenger stations and depot, and from entering into and upon the above-mentioned premises except as patrons of such station or other lawful business therein, and restraining each of them while in and upon said premises from soliciting or importuning employment for the transportation or transfer for hire of passengers or baggage from the said above-mentioned premises to any other depot or place in the city of Ft. Worth, Tex., or elsewhere; provided, however, that nothing in this writ of injunction shall interfere with the right of any of said defendants to enter into or upon said premises for the purpose óf discharging baggage or passengers brought by them to said station or from going into or upon said premises for the purpose of receiving baggage or passengers therefrom when any person or persons have ordered or employed said defendants or any of them to transport themselves or their baggage from said station."

This order is abundantly within the pleadings and evidence, which show in brief that the appellee as a railway company had entered into a contract whereby it gave to the Union Transfer Company the exclusive right upon the trains and premises of the company to do the things appellants were enjoined from doing, and that notwithstanding this the appellants persisted in going upon the premises of appellee and there soliciting and receiving the patronage of its passengers. The case is ruled by the principles of law announced in Lewis v. Weatherford, etc., Ry. Co., 36 Tex. Civ. App. 48, 81 S. W. 111, and Ft. Worth & D. C. Ry. Co. v. White, 156 S. W. 241.

As pointed out in the original opinion affirming this case, no formal complaints are made of any ruling of the court below, and, since the judgment appears to be supported by the pleadings and evidence, the motion for rehearing is overruled.