CLISBEE et al. v. CHICAGO, R. I. & G. RY. CO.　(No. 9681.)

(Court of Civil Appeals of Texas. Fort Worth. March 19, 1921. Rehearing Denied April 23, 1921.)

1. Carriers ⊂⇒14—Company may confer the right to solicit business on its grounds on one transfer company and exclude other hackmen from such privilege.

A railroad company may confer on a particular company the exclusive privilege of having its hack stand on the company's ground and soliciting business there, and may exclude by injunction other hackmen intruding thereon for the purpose of soliciting transportation of passengers and baggage, where they are not prevented from entering the premises and transporting any individuals with whom they had previous contracts.

2. Monopolies ⊂⇒16(1)—Carrier granting exclusive privilege to solicit transfer of passengers and baggage held not a monopoly.

A railroad company's granting the exclusive privilege to one company to solicit transfer of passengers and baggage on its own grounds and exclusion of others held not in contravention of the rule against monopolies or in violation of anti-trust statutes (U. S. Comp. St. §§ 8820–8823, 8827–8830).

3. Carriers ⊂⇒14—Right to grant exclusive privilege of soliciting transfer of passengers and baggage on railroad grounds not affected by city ordinance.

The right of a railroad company to grant exclusive privilege to one company to solicit transfer of passengers and baggage upon its own grounds was not affected by a city ordinance attempting to establish hack stands and provide other regulations relating to the subject, since the city's authority under the statute could extend no further than to its streets and public ways and to regulations, if any necessary, tending to afford travelers with sufficient accommodation; there being no claim of any insufficiency in this case.

Appeal from District Court, Montague County; C. R. Pearman, Judge.

Suit by the Chicago, Rock Island & Gulf Railway Company against B. L. Clisbee and others. Judgment for the plaintiff, and the defendants appeal. Affirmed.

Chancellor & Bryan, of Bowie, for appellants.

Donald & Donald, of Bowie, and Lassiter & Harrison, of Fort Worth, for appellee.

CONNER, C. J. This is an appeal from a judgment of the lower court perpetuating an injunction against the appellants, B. L. Clisbee and others, from entering upon the appellee's property for the purpose of soliciting or procuring business for their personal gain and from parking their automobiles on appellee's premises.

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellants operated automobiles in and about the city of Bowie for the purpose of transporting passengers from place to place, and particularly in transporting passengers to and from appellee's depot, situated in said city. The hearing was both upon the demurrer to the appellee's petition for the injunction and upon evidence submitted, and the questions presented here are raised both by demurrer and by the facts. Both by allegation and proof it appears that the railway company operates a line of railway into the city of Bowie; that in the same city is located a passenger depot of the Fort Worth & Denver City Railway, located several blocks from the depot of appellee; that appellee in the prosecution of its business sells through passenger tickets along and over its road and along and over the road of the other named railroad to points beyond, giving to the passengers transfer tickets which authorize the passenger transportation from the depot of the appellee to that of the Fort Worth & Denver; that appellee for its own convenience and that of its passengers entered into a contract with the Bowie Cab & Transfer Company, a corporation, giving the latter the sole and exclusive privilege of entering in and upon appellee's right of way and depot premises for the purpose of transferring its passengers to the depot on the Fort Worth & Denver Railway, by the terms of which contract the Cab & Transfer Company, for a compensation stated, was obligated to recognize appellee's transfer tickets, issued as above indicated.

[1] Without taking up the assignments and propositions, which are numerous, the vital question presented, in substance, is whether the appellee railway company had the lawful right to confer the privilege indicated upon the Bowie Cab & Transfer Company to the exclusion of appellants and other hack and transfer men in the city of Bowie. While the decided cases on the subject are conflicting, we think the weight of authority supports the conclusion of the trial court maintaining the right of appellee to exclude appellants and other hackmen from intruding upon its grounds for the purpose of soliciting transportation for passengers. It is to be noted that appellants were not enjoined from entering upon appellee's premises and grounds for the purpose of transporting any individual with whom it had a previous contract to transport, but was enjoined from entering upon the grounds and parking their automobiles for the purpose of soliciting transportation. And in that connection it will be stated further that there was proof that much confusion had arisen because of the controversy among the hackmen in their effort to secure persons desiring transportation from one depot to the other, and that on more than one occasion appellants had refused to recognize transfer tickets that had been issued by the appellee company.

One of the leading cases supporting the ruling of the court below is that of Donovan v. Pennsylvania Co., 199 U. S. 279, 26 Sup. Ct. 91, 50 L. Ed. 193, decided by the Supreme Court of the United States. In that case Mr. Justice Harlan, who rendered the opinion, quoted with approval from the W. U. Telegraph Co. v. Pennsylvania Ry. Co., 195 U. S. 540, 25 Sup. Ct. 133, 49 L. Ed. 312, 1 Ann. Cas. 517, the following:

"A railroad's right of way has, therefore, the substantiality of the fee, and it is private property even to the public in all else but an interest and benefit in its uses. It cannot be invaded without guilt of trespass. It cannot be appropriated in whole or part except upon the payment of compensation. In other words, it is entitled to the protection of the Constitution, and in the precise manner in which protection is given."

After referring to the nature and general duties of the carrier to use its property for the use and comfort and convenience of its passengers, the court further said:

"It [the railroad company] is under no obligation to refrain from using its property to the best advantage of the public and of itself. It is not bound to so use its property that others, having no business with it, may make profit to themselves. Its property is to be deemed, in every legal sense, private property as between it and those of the general public who have no occasion to use it for purposes of transportation."

The final conclusion was that a railway company, which had entered into an arrangement similar to the arrangement made by the appellee and the Bowie Cab & Transfer Company, could, in furtherance of its business and for the protection and convenience of its passengers, legally exclude from its station and depot grounds all other hackmen and cabmen seeking entrance for the purpose of soliciting for themselves the patronage of the passengers. We do not find where this case has been overruled or modified on the question under consideration.

In the case of Denton v. T. & P. Ry. Co., 160 S. W. 113, this court upheld the right of the railway company to confer upon a given transfer company the exclusive right to enter upon the company's trains and premises to solicit baggage, etc. In another case by this court, Lewis v. Weatherford M. W. & N. W. Ry. Co., 36 Tex. Civ. App 48, 81 S. W. 111, it was held that a regulation by the railway company conferring upon a named individual, to the exclusion of others, the privilege of soliciting on its trains the

transfer business of its passengers, did not "create or carry out restrictions in the free pursuit of any business authorized or permitted by the laws of this state," in violation of the anti-trust law.

So also in the case of Fort Worth & Denver City Ry. Co. v. White, 156 S. W. 241, it was held in an opinion by Mr. Justice Dunklin that a railway company is entitled to perpetually injoin lunch vendors from going upon its depot platform, or upon its right of way at or adjacént to its passenger station, as well as going upon its passenger coaches, in order to sell articles of food to the passengers or others. See, also, the following authorities of like import: Fluker v. Railway Co., 81 Ga. 461, 8 S. E. 529, 2 L. R. A. 843, 12 Am. St. Rep. 328; Mader v. City of Topeka, 106 Kan. 867, 189 Pac. 969; M. P. Ry. Co. v. Kohler, 107 Kan. 673, 193 Pac. 323; Godbout v. St. Paul Union Depot Co., 79 Minn. 188, 81 N. W. 835, 47 L. R. A. 532; Celli & Del Papa v. Galveston Brewing Co., 186 S. W. 279; 10 Corpus Juris, Title Carriers, §§ 1070, 1075, 1076.

Among the reasons given in support of the rule, it is said that the privilege of dealing with competent transfer and baggage agents is in the interest of the traveling public, that a traveling stranger is often ignorant of the best means of transportation to and from stations, and that he is entitled to receive this information from responsible persons, and not to be annoyed by rival agents beseeching him for his business, and without assurance that the selection made by him was either a competent or responsible agency for his transportation.

[2, 3] We think it must therefore be held that appellee in excluding appellants and others from its right of way, for the purpose stated and under the circumstances shown, was well within its rights, and such rights we do not think are in contravention of the rule against monopolies, or in violation of our anti-trust statutes (U. S. Comp. St. §§ 8820–8823, 8827–8830), nor do we think the right affected by the fact that the city of Bowie has enacted an ordinance attempting to establish hack stands and provide other regulations relating to the subject. The city's authority, under the statutes, could extend no further than to its streets and public ways and to regulations, if any necessary, tending to afford travelers with sufficient accommodation; and there is no pretense in this case that the contract of appellee with the Bowie Cab & Transfer Company and the operations thereunder are lacking in convenience or comfort to the traveling public. See Napman v. People, 19 Mich. 352.

We conclude that the judgment must be affirmed, and it is so ordered.